Michael Garland
Crowson Law Group
637 A Street
Anchorage, AK 99501
(907) 677-9393 Telephone
(907) 677-9310 Facsimile
Email: mike@crowsonlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KELLY GIESE, Plaintiff, v. THE UNITED STATES OF AMERICA and CROSS ROAD HEALTH MINISTRIES, INC., Defendant. | Case No. 3:26-cv- |

Plaintiff Kelly Giese, through counsel, alleges as follows:

## I. PARTIES

1. Plaintiff Kelly Giese is a resident of San Angelo, Texas.
2. Defendant United States of America is subject to suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680.
3. Defendant Cross Road Health Ministries, Inc. ("Cross Road") is an Alaska nonprofit corporation doing business as Interior Alaska Medical Clinic. Cross Road owns and operates Interior Alaska Medical Clinic, including its associated parking lot, at 2730 Alaska Highway in Delta Junction, Alaska.
4. Cross Road is a Health Center Program grantee under 42 U.S.C. § 254b and has been deemed an employee of the Public Health Service for covered purposes pursuant to 42 U.S.C. § 233(g)–(n).

CROWSON LAW GROUP
637 A STREET
ANCHORAGE, AK 99501
907-677-9393
850 S. ROBERTS STREET, SUITE 500
WASILLA, AK 99654

5. The United States, acting through the United States Department of Health and Human Services ("HHS") and Cross Road, owned, operated, controlled, inspected, and maintained the premises at issue to the extent Cross Road and the conduct alleged herein fall within the FTCA and 42 U.S.C. § 233.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FTCA claim against the United States under 28 U.S.C. §§ 1331 and 1346(b)(1).
7. This Court has supplemental jurisdiction over Plaintiff's alternative Alaska-law claim against Cross Road under 28 U.S.C. § 1367 because that claim arises from the same incident and forms part of the same case or controversy as the FTCA claim.
8. Venue is proper in this District under 28 U.S.C. § 1402(b) because the acts and omissions alleged herein occurred in Delta Junction, Alaska.

## III. ADMINISTRATIVE EXHAUSTION

9. Shortly before expiration of Alaska's two-year limitation period, Plaintiff retained counsel to pursue her claim arising from the incident described below.
10. After receiving notice of Plaintiff's claim, Cross Road advised Plaintiff's counsel that the claim fell under the FTCA and identified HHS as the responsible federal agency.
11. HHS thereafter informed Plaintiff's counsel that Cross Road was a federally supported health center and directed Plaintiff to submit an administrative tort claim to HHS.
12. On February 9, 2026 Plaintiff timely presented an administrative tort claim to HHS stating a sum certain of $2,000,000.00. HHS received the claim on February 12, 2026.
13. HHS denied Plaintiff's administrative claim by written notice dated February 25, 2026, and this action is filed within six months after mailing of that denial.
14. Plaintiff has satisfied the administrative-exhaustion requirements of 28 U.S.C. § 2675(a).

## IV. FACTUAL ALLEGATIONS

15. On February 19, 2024 Plaintiff went to Interior Alaska Medical Clinic at 2730 Alaska Highway in Delta Junction, Alaska.

CROWSON LAW GROUP
637 A STREET
ANCHORAGE, AK 99501
907-677-9393
850 S. ROBERTS STREET, SUITE 500
WASILLA, AK 99654

16. Plaintiff was lawfully present on the clinic premises and used the parking lot for access to and from the clinic.

17. The parking lot contained ice and snow in the area where Plaintiff was required or reasonably expected to walk.

18. Cross Road and the persons responsible for inspecting and maintaining the parking lot knew or, through the exercise of reasonable care, should have known of the dangerous condition.

19. Despite that knowledge, no reasonable measures were taken to remove or correct the condition, restrict access to the area, or warn Plaintiff of the danger.

20. While exercising reasonable care, Plaintiff slipped and fell because of the dangerous condition.

21. As a direct and proximate result of the fall, Plaintiff sustained serious injuries.

22. Plaintiff has incurred medical expenses and has experienced pain, suffering, loss of enjoyment of life, and other compensable losses. Plaintiff may continue to incur damages in the future.

## V. COUNT I — NEGLIGENCE UNDER THE FTCA
## Against the United States

23. Plaintiff incorporates the preceding allegations.

24. Cross Road and the persons responsible for operating, inspecting, and maintaining the clinic premises owed Plaintiff a duty to exercise reasonable care under the circumstances.

25. On information and belief, Cross Road and the persons responsible for the acts and omissions alleged herein were acting within the scope of their deemed federal employment and within the coverage provided by 42 U.S.C. § 233 and the FTCA.

26. The United States, acting through HHS, Cross Road, and covered personnel, breached the applicable duty of care by one or more of the following acts or omissions: failing reasonably to inspect the parking lot; failing to discover the dangerous condition; failing to remove or correct it; failing to restrict access to the affected area; and failing to provide an adequate warning.

27. These negligent acts and omissions directly and proximately caused Plaintiff's fall and resulting damages.

CROWSON LAW GROUP

637 A STREET
ANCHORAGE, AK 99501
907-677-9393

850 S. ROBERTS STREET, SUITE 500
WASILLA, AK 99654

28. The United States is liable to Plaintiff under 28 U.S.C. § 1346(b)(1) in the same manner and to the same extent as a private person under like circumstances, subject to the limitations of the FTCA.

**VI. COUNT II — ALTERNATIVE NEGLIGENCE CLAIM**
**Against Cross Road Health Ministries, Inc.**

29. Plaintiff incorporates the preceding allegations.

30. This count is pleaded in the alternative under Federal Rule of Civil Procedure 8(d).

31. If Cross Road or the premises-maintenance activities alleged herein are determined not to fall within 42 U.S.C. § 233 and the FTCA, Cross Road owed Plaintiff a duty under Alaska law to exercise reasonable care in the ownership, operation, inspection, and maintenance of its premises.

32. Cross Road breached that duty by failing reasonably to inspect the parking lot; failing to discover the dangerous condition; failing to remove or correct it; failing to restrict access to the affected area; and failing to provide an adequate warning.

33. Cross Road's negligence directly and proximately caused Plaintiff's fall and resulting damages.

**VII. EQUITABLE TOLLING OF ALTERNATIVE CLAIM**

34. Cross Road received notice of Plaintiff's claim before expiration of Alaska's two-year limitation period and directed Plaintiff to pursue her remedy through HHS under the FTCA.

35. Consistent with Cross Road's representation and HHS's direction, Plaintiff timely pursued an administrative claim in a governmental forum authorized to investigate and resolve her claim for damages.

36. Plaintiff pursued the administrative remedy reasonably, diligently, and in good faith.

37. Cross Road had timely notice of the facts and claims arising from Plaintiff's fall and a full opportunity to preserve evidence and investigate. Cross Road has not been prejudiced by Plaintiff's pursuit of the administrative remedy.

CROWSON
LAW GROUP
637 A STREET
ANCHORAGE, AK 99501
907-677-9393

850 S. ROBERTS STREET,
SUITE 500
WASILLA, AK 99654



Case 3:26-cv-00306-HRH Document 1 Filed 08/24/26 Page 4 of 5

38. To the extent Alaska's limitation period applies to Plaintiff's alternative claim against Cross Road, that period was equitably tolled while Plaintiff pursued the administrative remedy that Cross Road and HHS directed her to pursue.

39. Alternatively, Cross Road is equitably estopped from asserting a limitations defense because Plaintiff reasonably relied upon Cross Road's representation that her claim fell under the FTCA and that HHS was the responsible agency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1. For compensatory damages in an amount to be determined at trial, subject to 28 U.S.C. § 2675(b) as to the United States;
2. For recoverable costs;
3. For pre- and post-judgment interest to the extent permitted by law, excluding any interest prohibited by the FTCA; and
4. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on her alternative claim against Cross Road to the extent that claim remains pending against Cross Road. Plaintiff acknowledges that the FTCA claim against the United States is tried to the Court without a jury pursuant to 28 U.S.C. § 2402.

DATED this 19th day of August, 2026, at Anchorage, Alaska.

CROWSON LAW GROUP
Attorneys for Plaintiff

By: /s/ Michael Garland
Michael Garland
Alaska Bar No. 2211099

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, AK 99501
907-677-9393

850 S. ROBERTS STREET,
SUITE 500
WASILLA, AK 99654



Case 3:26-cv-00306-HRH Document 1 Filed 08/24/26 Page 5 of 5